IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PENNY R. DERREJA,

      Plaintiff,                           No. 2:09-cv-01964 KJN

     v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

      Defendant.                         <u>ORDER</u>
_____/

        Plaintiff, who is represented by counsel, seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for Disability Income Benefits ("DIB") under Title II of the Social Security Act ("Act").[1] In her motion for summary judgment, plaintiff contends that the administrative law judge in this case (the "ALJ"), erred by: (1) failing to credit plaintiff's own testimony concerning the nature and extent of her functional limitations; (2) improperly assessing plaintiff's residual functional capacity ("RFC") and, therefore, failing to credit the testimony of the vocational expert ("VE") in response to a

---

[1] This case was referred to the undersigned pursuant to Eastern District of California Local Rule 302(c)(15) and 28 U.S.C. § 636(c), and both parties have voluntarily consented to proceed before a United States Magistrate Judge, 28 U.S.C. § 636(c)(1); Fed. R. Civ. P. 73; E. Dist. Local Rule 301. (Dkt. Nos. 8, 10.) This case was reassigned to the undersigned by an order entered February 9, 2010. (Dkt. No. 11.)

hypothetical which purportedly reflected plaintiff's actual functional limitations; and (3) failing to ask the VE whether his testimony was consistent with the Dictionary of Occupational Titles ("DOT") before relying on his testimony. (See Pl.'s Mot. for Summ. J. ("Pl.'s Motion") at 1, Dkt. No. 22.) The Commissioner filed an opposition to plaintiff's motion and a cross-motion for summary judgment. (Dkt. No. 25.)

    For the reasons discussed below, the court grants plaintiff's motion for summary judgment in part, denies the Commissioner's cross-motion for summary judgment, and remands this matter for further proceedings.

I.     FACTUAL AND PROCEDURAL BACKGROUND[2]

    Plaintiff was 45 years old at the time she filed her DIB application. (See Administrative Transcript ("AT") 114.) She had been self-employed, working as a child care provider from approximately 1989 until May 30, 2006. (AT 116.) Plaintiff claims to have stopped working as a child care provider on May 30, 2006, because of the chronic pain caused by fibromyalgia and degenerative disk disease in her neck, back, and knees. (Pl.'s Motion at 8.)

    A.     Procedural Background

    On June 14, 2006, plaintiff filed an application for Disability Insurance Benefits, alleging a disability onset date of May 30, 2006. (AT 121.) The Social Security Administration ("SSA") denied plaintiff's application initially and upon reconsideration. (AT 49, 53.) Plaintiff filed a timely request for a hearing, and the ALJ conducted a hearing on August 4, 2008. (See AT 19-42.) Plaintiff testified at the hearing where she was represented by counsel. (See id.) David M. Dettmer, a vocational expert, was also present and testified at the hearing. (See id.)

---

[2] Because the parties are familiar with the factual background of this case, including plaintiff's medical history, the undersigned does not exhaustively relate those facts here. The facts related to plaintiff's impairments and medical history will be addressed only insofar as they are relevant to the issues presented by the parties' respective motions.

2

In a decision dated December 30, 2008, the ALJ determined plaintiff was not disabled.[3]  (AT 12, 16.)  In denying plaintiff's application, the ALJ found that plaintiff could return to her past work as a child care provider because the performance of work-related activities was not precluded by plaintiff's RFC.  (AT 17.)  The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review.  (AT 1.)

  B.  Summary of the ALJ's Findings

The ALJ conducted the required five-step evaluation and concluded that plaintiff was not disabled within the meaning of the Act.  At step one, the ALJ found that plaintiff had not

---

[3] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. §§ 401 et seq.  Supplemental Security Income ("SSI") is paid to disabled persons with low income.  42 U.S.C. §§ 1382 et seq.  Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment."  42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A).  A five-step sequential evaluation governs eligibility for benefits.  See 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987).  The following summarizes the sequential evaluation:

> Step one:  Is the claimant engaging in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two.
> Step two:  Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, then a finding of not disabled is appropriate.
> Step three:  Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1?  If so, the claimant is automatically determined disabled.  If not, proceed to step four.
> Step four:  Is the claimant capable of performing his past work?  If so, the claimant is not disabled.  If not, proceed to step five.
> Step five:  Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process.  Bowen, 482 U.S. at 146 n.5.  The Commissioner bears the burden if the sequential evaluation process proceeds to step five.  Id.

1   engaged in substantial gainful activity since May 30, 2006, the alleged onset date. (AT 14.) At

2   step two, the ALJ concluded that plaintiff had the following severe impairments: fibromyalgia,

3   osteoarthritis, and degenerative disc disease. (Id.) At step three, the ALJ determined that none of

4   plaintiff's severe impairments met or medically equaled an impairment listed in 20 CFR Part

5   404, Subpart P, Appendix 1. (Id.)

The ALJ further determined that plaintiff had the RFC to "perform less than the full range of light level work."[4] (AT 15.) Specifically, the ALJ found that plaintiff could:

> lift and carry 10 pounds, sit for six hours in an eight hour workday, stand/walk for six hours in an eight hour workday, with occasional postural limitations and never climbing ladders/ropes/scaffolds, and limited reaching in all directions (including overhead), environmental limitations to include avoiding concentrated exposure to extreme cold, and hazards such as machinery and heights.

(Id.) In assessing plaintiff's RFC, the ALJ determined that plaintiff's statements concerning the intensity, persistence, and limiting effects of her symptoms were not credible "to the extent they [were] inconsistent with the above residual functional capacity assessment." (AT 17.)

Having assessed plaintiff's RFC, the ALJ found at step four that plaintiff is capable of performing her past relevant work as a day care center worker. (Id.) Based on vocational expert testimony, the ALJ found that "[t]his work does not require the performance of

---

[4] The applicable regulation, 20 C.F.R. § 416.967(b), defines "light work" as follows:

> (b) Light work. Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

work-related activities precluded by the claimant's residual functional capacity." (Id.) Because of the finding at step four, the ALJ was not required to proceed to step five of the inquiry. However, based on the testimony of the vocational expert, the ALJ continued on to find, at step five, that other jobs exist in the regional economy which claimant could perform, including the positions of office helper, cashier, and order clerk. (AT 17-18.)

## II.     ISSUES PRESENTED

Plaintiff presents three issues for review.  First, plaintiff argues that the ALJ failed to fully credit the plaintiff's testimony as to the nature and extent of her functional limitations (i.e., plaintiff's testimony regarding subjective pain and symptoms), which resulted in an inaccurate RFC. (See Pl.'s Motion at 12.)  Second, plaintiff contends that because the ALJ improperly weighed plaintiff's testimony regarding her pain and functional limitations, the ALJ failed to properly credit the VE's testimony in response to a hypothetical question posed by plaintiff that plaintiff contends accurately reflected plaintiff's limitations. (Id. at 18-19.)  Finally, plaintiff argues that the ALJ unjustifiably relied on the testimony of the VE because the ALJ failed to ask the VE whether his testimony was consistent with the DOT. (Id. at 19.)

## III.    STANDARDS OF REVIEW

The court reviews the Commissioner's decision to determine whether it is (1) free of legal error, and (2) supported by substantial evidence in the record as a whole. Bruce v. Astrue, 557 F.3d 1113, 1115 (9th Cir. 2009).  This standard of review has been described as "highly deferential." Valentine v. Comm'r of Soc. Sec. Admin., 574 F.3d 685, 690 (9th Cir. 2009).  "Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995)).  "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." Andrews, 53 F.3d at 1039.  Findings of fact that are supported by substantial evidence are

conclusive. 42 U.S.C. § 405(g); see also McCarthy v. Apfel, 221 F.3d 1119, 1125 (9th Cir. 2000). "Where the evidence as a whole can support either a grant or a denial, [the court] may not substitute [its] judgment for the ALJ's." Bray, 554 F.3d at 1222 (citing Massachi v. Astrue, 486 F.3d 1149, 1152 (9th Cir. 2007)); see also Ryan v. Comm'r of Soc. Sec., 528 F.3d 1194, 1198 (9th Cir. 2008) ("'Where evidence is susceptible to more than one rational interpretation,' the ALJ's decision should be upheld.") (quoting Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005)). However, the court "must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Ryan, 528 F.3d at 1198 (quoting Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006)); accord Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007).

IV.   ANALYSIS

    A.   The ALJ Failed to Offer Clear and Convincing Reasons for Discrediting Plaintiff's Subjective Pain Statements

At the outset, plaintiff argues that the ALJ failed to assign the proper weight to plaintiff's own assessment and testimony regarding the severity of her impairments and functional limitations. Plaintiff attacks what she refers to as "five specious 'reasons' for rejecting [plaintiff's] testimony." (Pl.'s Motion at 13.) The Commissioner responds that there was substantial evidence to support the ALJ's finding that plaintiff overstated her symptoms. (Def.'s Opp'n to Pl.'s Motion and Cross Motion for Summ. J. ("Def.'s Motion") at 12, Dkt. No. 25.) After a review of the record as a whole, the undersigned concludes that the ALJ did not provide clear and convincing reasons for discrediting plaintiff's testimony that are supported by substantial evidence in the record.

In Lingenfelter v. Astrue, the Ninth Circuit Court of Appeals summarized the ALJ's task with respect to assessing a claimant's credibility:

> To determine whether a claimant's testimony regarding subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis. First, the ALJ must determine whether the claimant has presented

6

> objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged. The claimant, however, need not show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom. Thus, the ALJ may not reject subjective symptom testimony . . . simply because there is no showing that the impairment can reasonably produce the degree of symptom alleged.
>
> Second, if the claimant meets this first test, and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so. . . .

504 F.3d at 1035-36 (citations and quotation marks omitted). In weighing a claimant's credibility, an ALJ may consider, among other things, the "'[claimant's] reputation for truthfulness, inconsistencies either in [claimant's] testimony or between [her] testimony and [her] conduct, [claimant's] daily activities, [her] work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which [claimant] complains." Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002) (modification in original) (quoting Light v. Soc. Sec. Admin., 119 F.3d 789, 792 (9th Cir. 1997)). "To determine whether substantial evidence supports the ALJ's decision, [the court reviews] the administrative record as a whole, weighing both the evidence that supports and that which detracts from the ALJ's conclusion." Andrews, 53 F.3d at 1039. If the ALJ's credibility finding is supported by substantial evidence in the record, the court "may not engage in second-guessing." Thomas, 278 F.3d at 959.

Here, in assessing plaintiff's credibility, the ALJ determined that plaintiff's medically determinable impairments could reasonably be expected to cause the symptoms alleged. (AT 17.) The ALJ did not find evidence of malingering and, therefore, the ALJ could not simply reject plaintiff's testimony regarding her subjective symptoms. The ALJ was required to provide specific, clear, and convincing reasons to reject plaintiff's testimony. See Lingenfelter, 504 F.3d at 1036. To that end, the ALJ provided a narrative explanation for her adverse credibility finding. The undersigned addresses the reasons provided by the ALJ below.

7

Plaintiff first takes exception to the ALJ's reliance on plaintiff's statement to an SSA intake representative during a telephone conversation on December 29, 2006.  During the conversation, plaintiff admitted to the representative that she had not sought mental health treatment and would only seek the treatment if her feelings of sadness, hopelessness, and depression worsened; she stated that she did not feel bad enough to seek treatment.  (AT 145.) Plaintiff argues that a single statement made in the context of denying the need for mental health treatment should not undermine the credibility of the plaintiff's testimony.  (Pl.'s Motion at 14.) The Commissioner responds that this statement amounts to an admission by plaintiff that her depression was not significant.  (Def.'s Motion at 10.)  The undersigned finds that statement is not a clear and convincing reason for the ALJ to discredit plaintiff's testimony that her depression was "pretty much constant."  (AT 27.)

The Commissioner correctly notes that one relevant ground for discrediting a claimant's allegations is "unexplained, or inadequately explained, failure to seek treatment." Bunnell v. Sullivan, 947 F.2d 341, 346 (9th Cir. 1991).  On these facts, however, this principle is inapplicable.  Here, plaintiff obtained treatment for her depression soon after the conversation with the SSA intake representative.  Indeed, the record shows that on February 12, 2007, Dr. Anthony Ferrari, M.D., noted his impression that the plaintiff was "suffering from considerable depression."  (AT 193.)  Dr. Ferrari recommended treatment and plaintiff agreed to begin a regimen of Prozac.  (Id.)[5]  Further, the record indicates that plaintiff continued to take the prescribed Prozac at least until July 24, 2008, days before the administrative hearing was conducted.  (AT 161, 174, 177, 286.)

---

[5] The court notes the Commissioner's contention that Dr. Ferrari is not a mental health practitioner and therefore his opinion is entitled to little weight, if any. (Def.'s Motion at 11.) However, this argument is not well taken as it attempts to provide support for the ALJ's credibility determination that was not provided by the ALJ.  "The ALJ must state specifically which symptom testimony is not credible and what facts in the record lead to that conclusion." Smolen v. Chater, 80 F.3d 1273, 1284 (9th Cir. 1996).

Plaintiff next addresses the ALJ's reliance on another remark during the December 29, 2006 telephone conversation, wherein plaintiff stated that she was able to accomplish her activities of daily living. (AT 27.) The Commissioner urges the court to consider activities such as occasional housework and cooking to be clear and convincing reasons for discounting plaintiff's statements. (Def.'s Motion at 12.) After reviewing the evidence related to the ALJ's conclusion regarding plaintiff's ability to perform the usual activities of daily living, the undersigned finds that the ALJ's conclusion is not supported by substantial evidence.

It is true that "an adjudicator must consider the individual's daily activities when assessing the credibility of an individual's statements." SSR 96-7p, 1996 WL 374186, at *3. Moreover, to find the claimant not credible, the ALJ can rely on conflicts between plaintiff's testimony and her own conduct or on internal contradictions in that testimony. Light, 119 F.3d at 792. However, a claimant is not required to sit completely idle to avoid an adverse credibility finding. See Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998) (stating that claimants should not be penalized for attempting to lead normal lives in the face of their limitations).

The record establishes that plaintiff had considerable limitations with respect to activities of daily living. On an Exertional Activities Questionnaire dated December 11, 2006, plaintiff noted that she needs assistance with: grocery shopping and lifting (AT 141); shirts and sweaters that go over her head (AT 142); and getting off of the couch (AT 144). On June 16, 2006, plaintiff was advised to stay away from work because of the heavy lifting involved. (AT 194.) Later, during a visit with Dr. Ferrari, plaintiff had trouble getting out of a chair. (AT 191.) During the hearing, plaintiff gave testimony that she had problems sleeping (AT 27), as well as cooking and cleaning (AT 32-34.) After review of the record as a whole, the undersigned finds that the December 29, 2006 statement is the only statement from which one could even infer unlimited enjoyment of daily activities. Therefore, the undersigned finds that the December 29, 2006 telephone conversation does not provide a clear and convincing reason for discounting plaintiff's testimony regarding her functional limitations. See Robbins, 466 F.3d

at 884 (stating that a cursory finding regarding a single statement is not sufficient to constitute substantial evidence).

Third, plaintiff argues that the ALJ relied on irrelevant medical evidence.  The ALJ noted, without explaining the significance, that the consultative examiner, Dr. Seu, found that claimant had no limitations in her ability to stand, sit, or walk; no postural limitations; and she required no assistive device for ambulation mobility.  (AT 17.)  This brief notation is not sufficiently specific to make clear what weight the ALJ gave to Dr. Seu's statement and the reasons for that weight.  See SSR 96-7p, 1996 WL 374186, *2 (requiring specificity and weight assignment).  The absence of explanation as to the utility of Dr. Seu's statement in undermining plaintiff's credibility "gives this court nothing with which to assess its legitimacy."  Robbins, 466 F.3d at 884.[6]

Moreover, as plaintiff points out, Dr. Seu's opinion was not adopted in the ALJ's final RFC.  (AT 15.)  There is no indication in the record as to why Dr. Seu's assessment lacked sufficient weight to become the ALJ's final RFC assessment.  Similarly, there is no indication in the record why the findings of this consultative examiner, who reviewed none of plaintiff's medical records (AT 238), should undermine plaintiff's credibility when the ALJ ultimately adopted more restrictive limitations than found by Dr. Seu.  (AT 15.)  Accordingly, the undersigned finds that the consultative examiner's assessment does not provide a clear and convincing reason for discounting plaintiff's testimony regarding her symptoms.

Fourth, plaintiff alleges that the ALJ erred in finding that the record lacks confirmation of cervical problems.  Specifically, the ALJ found that the record "provides only an indication that radiology should be pursued [yet] [t]here is no indication in the evidence of record that the claimant . . . followed through to obtain x-ray studies of the cervical spine (Exhibit 8F)."

---

[6] It is unclear to the undersigned whether the ALJ intended this sentence to pertain to the credibility finding as it does not actually purport to attack plaintiff's credibility.  It may well be that this statement was meant to highlight objective medical evidence supporting the RFC adopted.

10

1  (AT 17.) The Commissioner does not respond to this attack on the ALJ's findings. The
2  undersigned notes that within the same exhibit cited by the ALJ, there is medical evidence that
3  confirms that plaintiff followed through, obtained an MRI of the cervical spine, and that the
4  examination confirmed cervical problems. (AT 324-25.) Specifically, on August 22, 2007, just
5  twenty days after her doctor indicated that x-rays should be obtained, an MRI of the cervical
6  spine with contrast was completed at Stockton Diagnostic Imaging. (AT 67-68, 324-25.) The
7  resulting impression noted four distinct cervical problems. Accordingly, the undersigned finds
8  that the record is not absent of confirmation, nor does it establish a failure to follow through on
9  prescribed treatment.

10  The plaintiff also contests the ALJ finding that the claimant's treating physician
11  did not diagnose fibromyalgia. (AT 17.) The Commissioner does not disagree, but, rather,
12  concedes that Dr. Ferrari diagnosed plaintiff with fibromyalgia. (Def.'s Motion at 2.) And again,
13  the undersigned finds that the record establishes just the opposite of the ALJ's findings. The ALJ
14  references Exhibit 8F to support her finding that plaintiff's doctor diagnosed osteoarthritis and
15  not fibromyalgia. (AT 17.) This statement takes the medical opinion found in one document out
16  of context and ignores the remainder of the record, which establishes that plaintiff's doctors have
17  either diagnosed fibromyalgia syndrome or otherwise referenced its treatment. (See, e.g., AT
18  227, 241, 245, 265, 279, 297, 304.)

19  The document referenced by the ALJ regarding plaintiff's diagnosis of
20  fibromyalgia is titled Doctor's Certification of Disability, and was issued by the California
21  Department of Motor Vehicles. Line 3 of the document asks the doctor to note "*A* diagnosed
22  disease which substantially impairs or interferes with mobility." (AT 258 (emphasis added).)
23  The document does not request an exhaustive list but rather a diagnosed disease. Dr. Ferrari
24  provided only one diagnosed disease, as was requested. Moreover, the ALJ made a finding that
25  fibromyalgia was a severe impairment under which the plaintiff labors. (AT 14.) Because the
26  diagnosis is uncontested in the record, the undersigned finds that the ALJ's proffered reason that

the claimant's treating physician did not diagnose fibromyalgia is not supported by substantial evidence and does not provide support for the ALJ's adverse credibility determination.

The plaintiff's final contention is directed at the ALJ's closing remarks regarding plaintiff's credibility. The ALJ found that the most recent records in the file were more than a year old. (AT 17.) From this absence of recent medical records the ALJ inferred that plaintiff had not sought medical treatment on an ongoing basis and had not participated in recent medical treatment for her alleged impairments.[7] (Id.) Plaintiff responds that records for September 2008 through February 2009 were submitted to the Appeals Council, but were not given to the ALJ, and therefore were not considered by the ALJ. (Pl.'s Motion at 17.) Plaintiff urges this court to consider these records and find that the ALJ's inference is not accurate based on the record as a whole. The Commissioner offers no argument in support of the ALJ's finding, nor does the Commissioner argue against consideration of the new evidence.

Social security regulations expressly provide that a claimant may submit new, relevant evidence and material to the Appeals Council when seeking review of an ALJ's unfavorable decision. 20 C.F.R. § 404.970(b) ("If new material is submitted, the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision.").[8]

---

[7] The undersigned notes that an ALJ is permitted to draw inferences that logically flow from the evidence. See Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir. 1982); see also Tommasetti v. Astrue, 533 F.3d 1035, 1039 (9th Cir. 2008) (noting that an ALJ is permitted to infer that a claimant's pain is not all-disabling if facts show he did not seek more aggressive treatment).

[8] The record indicates that the evidence in question was attached to plaintiff's correspondence entitled, First Supplemental Brief, and that this correspondence was submitted to the Office of Disability Adjudication & Review ("ODAR"), not to the Appeals Council. (AT 170.) Further, the correspondence is dated February 24, 2008, more than one week prior to the administrative hearing held before the ALJ. (Id.) Because these records were submitted to the SSA and not the Appeals Council, and because they were submitted prior to the hearing rather than after an unfavorable decision, these records do not neatly fit within the definition of "new evidence." However, based on: (1) plaintiff's representation that the ALJ did not consider these materials (Pl.'s Motion at 17); and (2) the Appeal Council's reference to the records as additional

1    There is a split among the circuit courts on the issue of whether, on review of an ALJ's decision, district courts should consider new evidence.  Compare Eads v. Sec'y of Dept. of Health & Human Services, 983 F.2d 815, 817-18 (7th Cir. 1993) (holding that when the decision being reviewed is that of the ALJ, the correctness of that decision depends on the evidence that was before the ALJ), and Cotton v. Sullivan, 2 F.3d 692, 696 (6th Cir. 1993) (concluding that courts may not reverse an ALJ's decision on the basis of evidence first submitted to the Appeals Council), with Riley v. Shalala, 18 F.3d 619, 622 (8th Cir. 1994) (holding that a court reviews the ALJ's decision for substantial evidence "on the record as a whole," including the new evidence submitted after the determination was made).

The Ninth Circuit Court of Appeals has not expressly ruled on whether district courts may consider new evidence in their review of an ALJ decision.  But see Daniels v. Astrue, 09-cv-1108 CW, 2010 WL 3895523, at * 4 (C.D. Cal. Oct. 1, 2010) (unpublished) ("In the Ninth Circuit, the district courts [sic] review of the Commissioner's decision requires consideration of the rulings of both the ALJ and the Appeals Council.") (citing Ramirez v. Shalala, 8 F.3d 1449, 1451 (9th Cir. 1993)).

In Ramirez v. Shalala, the Ninth Circuit Court of Appeals reviewed de novo a district court judgment granting summary judgment in favor of the Secretary of Health & Human Services.  8 F.3d at 1451.  The claimant, Ramirez, was denied Disability Insurance and Supplemental Security Income benefits both initially and after a hearing before an administrative law judge.  Id.  Ramirez requested that the Appeals Council review the ALJ decision, and in doing so, submitted a report from his treating physician.  Id.  The Appeals Council, after considering Ramirez's new evidence, declined to review the ALJ's decision.  Id.

To determine whether the Secretary's final decision was supported by substantial evidence in the record, the Ninth Circuit Court of Appeals considered both the ALJ's decision

---

evidence (Order of Appeals Council, AT 4), the undersigned finds it appropriate to treat the records as new evidence.

13

1  and the Appeals Council's ruling that the ALJ's decision was proper. Id. at 1451-52. The Court
2  of Appeals found no reason to disregard the new evidence in its review of the record as a whole
3  because the Appeals Council "reached [its] ruling after considering the case on the merits; [and]
4  examining the entire record, *including the additional material* . . . ." Id. at 1452 (emphasis
5  added). Further, the Court of Appeals noted that the government did not argue against
6  consideration of the new evidence. Id. After reviewing the ALJ's decision and the new
7  evidence, the Court of Appeals reversed the district court judgment. Id. at 1451.

8        The undersigned finds that the approach taken in Ramirez ensures that the
9  Commissioner's final determination, not just the ALJ's decision, is supported by substantial
10 evidence. See Bruce, 557 F.3d at 1115 (requiring an independent determination of whether the
11 *Commissioner's* decision is free of legal error and supported by substantial evidence in the record
12 as a whole). Review of the Commissioner's final decision is important because, in most cases,
13 the ALJ's decision does not become the final decision of the Commissioner until the Appeals
14 Council, after reviewing all evidence, declines to review that decision. See 20 C.F.R. § 404.981
15 (providing that if the Appeals Council denies review, the ALJ's decision is binding unless
16 contested in a federal district court or otherwise revised).

17       Moreover, 20 C.F.R. § 404.970(b), permitting claimants to submit new evidence,
18 represents "an administrative decision to give a claimant a last opportunity to demonstrate
19 disability before the decision becomes final. Although it would be better if a claimant presented
20 all of his or her evidence at an earlier stage in the proceeding, 20 C.F.R. § 404.970(b) expressly
21 authorizes submission of new evidence to the Appeals Council. . . . Disregarding the evidence
22 on review may undermine the purpose of the regulation." O'Dell v. Shalala, 44 F.3d 855 (10th
23 Cir. 1994). Therefore, notwithstanding the absence of an express decision of the Ninth Circuit
24 Court of Appeals holding that district courts may consider new evidence, the undersigned finds
25 that in this case it is appropriate to consider new evidence. See Gonzales v. Astrue, No. 09-cv-
26 01306 GSA, 2010 WL 4392911, at *9 (E.D. Cal. Oct. 29, 2010) (unpublished) (applying, without

discussion, the Ramirez approach); Berry v. Astrue, 09-1741 GGH, 2010 WL 3911402, at *5 n.6 (E.D. Cal. Oct. 5, 2010) (unpublished) (same).

Here, as in Ramirez, the Appeals Council considered the new evidence submitted by plaintiff. The new evidence includes medical reports showing ongoing participation in medical treatment from September 24, 2008, through February 10, 2009. (Order of Appeals Council, AT 4.) Additionally, as in Ramirez, the Commissioner herein did not object to the consideration of this new evidence. In fact, the Commissioner cites to this evidence. (See Def.'s Motion at 6.) Accordingly, the undersigned grants plaintiff's request and will consider the new evidence.

Relevant here are medical reports which reflect plaintiff's visits to Dr. Anthony Ferrari, M.D.; those visits occurred on March 6, 2008, and June 10, 2008. (AT 171, 190, 191.) The new evidence also indicates that plaintiff met with treating physician Kyle Heron, M.D. on September 24, October 22, and December 16, 2008. (AT 349, 354, 391.) During those visits, plaintiff was diagnosed with myofacial pain syndrome and fibromyalgia. (AT 354.) In addition, Dr. Heron observed that plaintiff had multiple pain trigger points consistent with fibromyalgia; and plaintiff was prescribed pain medications for her symptoms. (Id.) Therefore, the inferences drawn by the ALJ regarding "plaintiff's [lack of] participation in medical treatment for her alleged impairments" (AT 17), are not supported by substantial evidence in the record as a whole.

In sum, none of the ALJ's reasons for discounting plaintiff's statements concerning the intensity, persistence, and limiting effects of her symptoms is supported by substantial evidence in the record. Because the undersigned concludes that the reasons supplied by the ALJ do not support the adverse credibility finding, the remaining question is whether reliance on these reasons was harmless error. See Carmickle v. Comm'r of Soc. Sec., 533 F.3d 1155, 1162 (9th Cir. 2008).

B.   The ALJ's Misplaced Reliance Was Not Harmless Error

Harmless error has only been found "when it was clear from the record that an ALJ's error was inconsequential to the ultimate nondisability determination." Robbins, 466 F.3d at 885 (citing Stout v. Comm'r of Soc. Sec., 454 F.3d 1050, 1055-56 (9th Cir. 2006)). "[T]he relevant inquiry is not whether the ALJ would have made a different decision absent any error, it is whether the ALJ's decision remains legally valid, despite such error." Carmickle, 533 F.3d at 1163.

Unlike in cases where the Ninth Circuit Court of Appeals has found reliance on invalid reasons to be harmless, this court cannot say that the ALJ's "mistake was nonprejudicial to the claimant or irrelevant to the ALJ's ultimate disability conclusion."[9] Stout, 454 F.3d at 1055. Rather, it appears that the ALJ's credibility finding rejected all of plaintiff's subjective pain evidence. Because rejection is premised on invalid reasons, the undersigned does not find the ALJ's error inconsequential to the ultimate decision. Conversely, by remanding the matter the undersigned does not mean to suggest that the ultimate outcome should or should not be different, but merely determines that the judgment presently relied upon is legally inadequate.[10]

---

[9] The Ninth Circuit Court of Appeals has tended to find harmless error even if one or more reasons offered in support of an adverse credibility finding proved unconvincing, when in light of other reasons given by the ALJ substantial evidence supported the ALJ's decision. E.g., Garza v. Astrue, 380 Fed. Appx. 672, 673-74 (9th Cir. 2010) (finding harmless error where three of four reasons given for rejecting subjective pain testimony were not clear and convincing but remaining reason coupled with implicit findings amounted to substantial evidence); Batson v. Comm'r of Soc. Sec., 359 F.3d 1190, 1195-97 (9th Cir. 2004) (finding one reason invalid yet internal inconsistencies and medical opinions were valid reasons); Carmickle, 533 F.3d 1155, 1162-63 (finding two reasons invalid and that the remaining reasons were not "relatively minor" but based on substantial evidence).

[10] Because the court ultimately determines that remand is warranted, the following observation is offered. There is no mention in the ALJ's decision of any of plaintiff's testimony from the August 4, 2008 hearing. The fact that plaintiff's statements were discredited "to the extent they are inconsistent with the [RFC]" (AT 17), does not remove those statements from evidence. "The RFC must include a discussion of why reported symptom-related functional limitations and restrictions cannot reasonably be accepted as consistent with the medical or other evidence." SSR 96-8p, 1996 WL 374184, at *7.

Because of the preceding resolution of the ALJ's credibility finding, the remaining issues presented by plaintiff—the hypothetical posed to the VE and the failure to ask the VE whether his testimony was consistent with the DOT—need not be reached.  These issues are remanded, along with the credibility finding, for reconsideration by the ALJ.  Resolution of plaintiff's credibility on remand might materially impact the ALJ's reliance on the VE's testimony or require the re-calling of the VE to provide additional testimony.

V.      CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1.  Plaintiff's motion for summary judgment is granted in part;

2.  The Commissioner's cross-motion for summary judgment is denied; and

3.  The Clerk is directed to enter a judgment in favor of plaintiff pursuant to sentence four of 28 U.S.C. § 405(g) and remand this matter to the Social Security Administration for further proceedings.

DATED:  March 22, 2011

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE